Sherpa v. Holder

BIA
Cheng, IJ
A087 462 979

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of January, two thousand fifteen.

PRESENT:
PIERRE N. LEVAL,
JOSÉ A. CABRANES,
RAYMOND J. LOHIER, JR.,
            *Circuit Judges.*

_____

NAMGYAL SHERPA,
            *Petitioner,*

v.                                    13-3265
                                      NAC
ERIC H. HOLDER, JR., UNITED
STATES ATTORNEY GENERAL,
            *Respondent.*

_____

FOR PETITIONER:        Khagendra Gharti-Chhetry, New York, NY.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney General; Anthony W. Norwood, Senior Litigation Counsel; Manuel Palau, Trial Attorney, Office of

**Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Namgyal Sherpa, a native and citizen of Nepal, seeks review of an August 14, 2013, decision of the BIA, affirming the December 27, 2012, decision of an Immigration Judge ("IJ"), denying his application for asylum, withholding of removal, and relief pursuant to the Convention Against Torture ("CAT"). *In re Namgyal Sherpa*, No. A087 462 979 (B.I.A. Aug. 14, 2013), *aff'g* No. A087 462 979 (Immig. Ct. N.Y.C. Dec. 27, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications like Sherpa's, governed by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility determination on an asylum applicant's demeanor, the plausibility of his account, and inconsistencies in his statements and other record evidence, "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam). Substantial evidence supports the agency's adverse credibility determination.

The agency reasonably relied in part on Sherpa's demeanor, noting that he was at times unresponsive and evasive. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Shu Wen Sun v. BIA*, 510 F.3d 377, 381 (2d Cir. 2007) (per curiam). That finding is supported by the record.

The IJ's demeanor findings and the adverse credibility determination as a whole are further supported by inconsistencies in the record. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be

3

still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony."). The agency reasonably determined that inconsistencies in Sherpa's evidence regarding his employment in Nepal reflected negatively on his credibility, particularly given his claim that Maoists harmed him in part on account of his activities as a trekking guide. Sherpa testified that he worked for a certain trekking company after 2002, but his asylum application listed different dates, as did a letter from that company. The agency also reasonably relied on Sherpa's omission from his application of a third company he supposedly worked for part time. *See Xiu Xia Lin*, 534 F.3d at 166 n.3 (providing that for purposes of analyzing a credibility determination, "[a]n inconsistency and an omission are . . . functionally equivalent"). The agency was not required to credit his conflicting explanations for these inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005)

The agency also reasonably considered inconsistencies and omissions concerning Sherpa's medical treatment in Nepal. Despite repeated questions about the details of the treatment he received after he was beaten by Maoists in

4

2006, Sherpa did not testify that he received an x-ray; rather, he emphatically stated that the doctor only looked at his bruises and gave him medicine. But his doctor's notes state that Sherpa was given an x-ray. The agency was not required to credit his explanation that he misunderstood the Government's questions in this regard because he provided responsive answers to those questions. *See Majidi*, 430 F.3d at 80-81. Moreover, a letter from Sherpa's wife failed to mention that he sought medical treatment at all after this incident.

The agency also found that Sherpa failed to adequately corroborate his claim. An applicant's failure to corroborate testimony may bear on credibility, either because the absence of particular corroborating evidence is viewed as suspicious, or because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Sherpa does not challenge that finding. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005).

Given the demeanor, inconsistency, and corroboration findings, substantial evidence supports the agency's adverse

5

credibility determination.[1]  *See Xiu Xia Lin*, 534 F.3d at 167.  That determination is dispositive of asylum, withholding of removal, and CAT as those claims are based on the same factual predicate.  *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] The IJ improperly found that Sherpa omitted from his asylum application that he visited an herbal doctor after one encounter with Maoists because he stated that he sought treatment locally after that incident.  *See Pavlova v. INS*, 441 F.3d 82, 90 (2d Cir. 2006). Nevertheless, remand is unnecessary because the agency's other findings constitute substantial evidence to support its adverse credibility determination as to Sherpa's claim.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir. 2006).